# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1490

_____

National Labor Relations Board;          *
                                          *
            Petitioner,                   *
                                          *
Carpenters District Council of            *
Kansas City and Vicinity,                 *
                                          *
            Intervenor on Appeal,         *
                                          *
      v.                                  *
                                          *
Zarcon, Inc.,                             *
                                          *
            Respondent.                   *
_____                               On Petition for Review from
                                          National Labor Relations Board.
No. 04-1731
_____                                      [UNPUBLISHED]

Zarcon, Inc.,                             *
                                          *
            Petitioner,                   *
                                          *
      v.                                  *
                                          *
National Labor Relations Board;           *
                                          *
            Respondent,                   *
                                          *
Carpenters District Council of            *
Kansas City and Vicinity,                 *

PER CURIAM.

In this labor case, an administrative law judge (ALJ) decided Zarcon, Inc., a drywall contractor, engaged in unfair labor practices by informing its employees it would have union organizers removed from the jobsite by law enforcement officers, by informing employees that an employee had been laid off because of his union activities, by threatening to close the company if the union succeeded in organizing its employees, and by threatening union representatives with physical violence.  The ALJ also found Zarcon unlawfully laid off one employee for his union activities, and refused to hire nine applicants because of their union affiliation.  Zarcon only filed exceptions to the findings regarding the layoff and refusal to hire.  The National Labor Relations Board affirmed the ALJ's findings, and ordered Zarcon to cease and desist from the unfair labor practices, to offer the laid off employee reinstatement, to hire the union-affiliated applicants, and to make them all whole for any loss of earnings.

Zarcon petitions for review arguing the Board committed error in finding violations for refusing to hire employees, for interrogating an employee about his union activities, and for laying off one employee.  Having carefully reviewed the record, the parties' briefs, and the applicable law, we conclude Zarcon's arguments fail.  Substantial evidence supports the Board's findings that Zarcon refused to hire

nine applicants because of their union affiliation. Contrary to Zarcon's assertion, the Board correctly concluded the refusal-to-hire allegation was not barred by the six-month statute of limitation. Further, substantial evidence supports the Board's finding that a Zarcon supervisor unlawfully interrogated a union applicant and that Zarcon laid off an employee in retaliation for his union activities.

Because we have nothing to add to the Board's order in this fact intensive case, we enforce the Board's order in its entirety without additional explanation.

_____